## Jos. T. Drinkhouse's Estate.    E. T. Drinkhouse's Appeal.

*Decedents' estate—Distribution—Widow—Desertion, etc.*

Neither desertion by the wife, nor adultery, when it has been condoned, will take away a wife's right to participate in the distribution of her husband's estate.

Argued March 29, 1892. Appeal, No. 148, Jan. T., 1892, by Elizabeth Drinkhouse, mother and alleged heir of Jos. W. Drinkhouse, deceased, from decree of O. C. Phila. Co., Oct. T., 1890, No. 543, dismissing exceptions to adjudication of administrator's account. Before PAXSON, C. J., WILLIAMS, GREEN, MITCHELL and HEYDRICK, JJ.

Claim to fund as widow and children and heirs of decedent.

The evidence submitted in the preceding case was, by agreement, considered in this case. The auditing judge, ASHMAN, J., awarded the fund to claimants as widow and children of decedent. Exceptions were filed by decedent's mother, appellant, similar to the exceptions in the preceding case, and also the following supplemental exception:

" The said Elizabeth T. Drinkhouse hereby excepts to the award made in said adjudication by said learned auditing judge,

of the balance for distribution, to Maria E. Drinkhouse, as the alleged widow of the decedent, and to the Guarantee Trust & Safe Deposit Company, guardian of the alleged minor children of the said Joseph W. Drinkhouse, deceased." [9]

The exceptions were dismissed, in the following opinion by PENROSE, J.:

[" What has been said in disposing of the exceptions in William Drinkhouse's estate applies equally to the present case. There is evidence which, if believed, fully sustains the claims that have been allowed by the auditing judge, and it has not been shown that he ought not to have regarded it. No objection was made to the competency of the widow to prove her marriage to the decedent; but if we should exclude all that she has said there is still enough to sustain her claim. Even if it were conceded that she separated from the decedent and formed an illicit connection with another man (though this is most vehemently denied), the fact would not be enough, in view of the evidence of condonation which forms part of the case of the exceptants, to take away her right to participate in the distribution of her husband's estate.] [2]  Mere desertion has no such effect (Holbrook's Estate, 20 W. N. 79; Nye's Appeal, 11 Crum. 341); nor has adultery where the husband's conduct has led to it: Reel v. Elder, 12 Smith, 308, Heslop v. Heslop, 1 Norris, 537.  And so if the husband be blameless and yet, with full knowledge, renews his marital relations; all of which 'is comprehended shortly' in the two hexameters given by Lord COKE (Co. Litt., 32, b), referred to by Judge SHARSWOOD, in Reel v. Elder, supra."

*Errors assigned* were (2) the portion of the opinion of the court in brackets, quoting it; dismissal of exceptions, as in the preceding case, quoting them; and (9) dismissal of the supplemental exception, quoting it.

*F. Carroll Brewster*, with him *Lincoln L. Eyre, Richard P. White*, and *Wayne Mac Veagh*, for appellants.

*John G. Johnson* and *S. Morris Waln*, with them *Robert J. Williams*, for appellee.

OPINION BY MR. JUSTICE HEYDRICK, October 3, 1892.

For the reasons given in Estate of William Drinkhouse, deceased [the preceding case], and for the further reasons given by the learned court below the decree is affirmed.